| | |
|---|---|
| 1 | |
| 2 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Eisler, | ) | No. CV 05-2241 PHX-SRB (LOA) |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joe Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on July 27, 2005. (document # 1) On September 30, 2005, the Court granted Plaintiff in forma pauperis status and ordered service on Defendant Arpaio. (document # 3) The Court directed Plaintiff to return the completed service packet for service on Defendant Arpaio by October 20, 2005. In that same Order, the Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action.

Thereafter, on October 17, 2005 the Court received returned mail addressed to Plaintiff marked "released." (document # 5)  The returned mail evidences Plaintiff's failure to comply with the Court's September 30, 2005 Order.

In view of Plaintiff's failure to comply with the Court's Order, the Court ordered Plaintiff to show cause on or before November 30, 2005 why his action should not be dismissed without prejudice for failure to comply with Court orders. See, FED.R.CIV.P. 41(b)(stating that the court may dismiss an action for failure to comply with any order of court.)  (document # 6) The Court

1 warned Plaintiff that failure to show cause may result in dismissal of his cause of action without
2 prejudice.  (Id.)

3       On November 22, 2005, the Court again received mail addressed to Plaintiff marked
4 return to sender because Plaintiff is "no longer in custody."  (document # 7)    Plaintiff has
5 neither notified the Court of his current address nor otherwise responded to the Court's Order
6 to Show Cause.  In view of Plaintiff's repeated failure to notify the Court of his current address
7 in violation of Court orders, this matter should be dismissed.  See Carey v. King, 856 F.2d 1439,
8 1440 (9th Cir. 1988)(holding that district court did not abuse its discretion in dismissing pro se
9 plaintiff's complaint for failure to advise the court of his current mailing address.)

10       Accordingly,

11       IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
12 based on Plaintiff's failure to comply with Court orders.

13       This recommendation is not an order that is immediately appealable to the Ninth Circuit
14 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
15 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
16 have ten days from the date of service of a copy of this recommendation within which to file
17 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
18 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
19 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
20 Recommendation may result in the acceptance of the Report and Recommendation by the
21 District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
22 (9th Cir. 2003).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of December, 2005.

_____
Lawrence O. Anderson
United States Magistrate Judge